UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RSA PROTECTIVE TECHNOLOGIES, LLC,

    Plaintiff,

    v.

MFM CONTRACTING CORP.

    Defendant.

CASE NO.:

**COMPLAINT**

---

Plaintiff RSA Protective Technologies LLC ("Plaintiff"), by and through its attorneys, alleges as follows for its Complaint against Defendant MFM Contracting Corp. ("MFM" or "Defendant"):

## NATURE OF THE CLAIMS

1. This is an action for patent infringement of Plaintiff's U.S. Patent No. 8,215,865 ("the '865 patent" or "the Asserted Patent"). The '865 patent is directed to an anti-ram system and method of constructing shallow mount bollards. Defendant infringes the Asserted Patent by either importing, making, using, offering, or selling infringing shallow mount bollards or for inducing others to make, use, sell, or offer to sell shallow mount bollards that infringe the '865 patent.

## THE PARTIES

### RSA Protective Technologies

2. Plaintiff is a limited liability corporation organized and existing under the laws of Delaware, having its principal place of business at 223 Independence Drive, Claremont, CA

1

91711.

3. Plaintiff develops and implements large scale civil infrastructure inventions with a focus on public safety. RSA Protective Technologies has been in business for over seventeen years.

4. Plaintiff designs and manufactures shallow mount bollards and routinely bids on and provides shallow mount bollards for projects in New York City and elsewhere.

5. Plaintiff owns the Asserted Patent.

**MFM**

6. Upon information and belief, MFM Contracting Corp. is a business corporation organized and existing under the laws of the state of New York with its principal place of business at 335 Center Avenue, Mamaroneck, New York 10543.

7. Upon information and belief, MFM is a utility contracting company that performs underground utility and infrastructure work in New York City. Upon further information and belief, MFM manages the construction of various New York City projects including a current project St. Patrick's Cathedral in New York City, in which they are directing the bidding, selection, purchase, distribution, and installation of shallow mount bollards. Upon further information and belief, the shallow mount bollards selected, purchased, distributed, and to be installed by MFM at, but not limited to, St. Patrick's Cathedral, were manufactured by companies including, but not limited to, Barrier 1.

**JURISDICTION AND VENUE**

8. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331

2

and 1338(a).

9.  This Court has personal jurisdiction over MFM because it is organized under the laws of New York and has principal places of business in New York.  This Court also has personal jurisdiction over MFM because they infringed the Asserted Patent in this district by at least making, using, selling, offering to sell and/or importing infringing products or inducing others to make, use, sell or offer to sell infringing products.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and/or 1400(b) with respect to Defendant because they are organized under the laws of New York, have regular and established places of business in this District, and committed acts of infringement in this District.

## FACTUAL BACKGROUND

### Asserted Patent

11. On July 10, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '865 patent, entitled "Anti-Ram System and Method of Installation." A copy of the '865 patent is attached as Exhibit A.

12. The application leading to the '865 patent published, and was available to the public, on July 1, 2010, as Publication No. US 2010/0166498 A1.

13. Plaintiff owns all right, title, and interest in the '865 patent, including the right to use and enforce the '865 patent.

14. The '865 patent claims an anti-ram system and method of constructing shallow mount bollards.

15. Upon information and belief, Defendant had knowledge of the '865 patent as

RSA provided notice of the '865 patent to Defendant including at the time it submitted its quotes in support of its bids to provide RSA bollards for at least the following New York City projects: St Patrick's Cathedral, Rockefeller Center, and the Empire State Building.  RSA also provided notice to MFM by letter dated September 25, 2018.

16. RSA Protective Technologies was, and continues to be, the owner of the '865 patent.

## The Accused Product

17. Upon information and belief, MFM has purchased shallow mount bollards manufactured by Barrier 1.  The MFM shallow mount bollards have the following structure:





18. The shallow mount bollard structure practices and infringes the '865 patent.

19. On information and belief, MFM is scheduled to install shallow mount bollards in, at least, St. Patrick's Cathedral in 2018.

**Infringement of the '865 Patent by the MFM Shallow Mount Bollards**

20. MFM's shallow mount bollards infringe claims of the '865 patent.

21. For example, claim 1 of the '865 patent states:

> 1. A bollard structure comprising:
> at least one bollard; and
> a base comprising opposed ends and a plurality of structural members which intersect and are tied together, for each bollard of the bollard structure at least one first structural member extending from a first of the opposed ends of the base to a second of the opposed ends of the base in a first direction intersecting with the opposed ends, and at least one structural member extending to intersect with the at least one first structural member;
> each bollard being secured to at least one of the at least one first structural member and the at least one structural member of the base for the respective bollard and extending upwardly from the base so as to transmit forces applied to the at least one bollard to the base;
> wherein the base is configured to be mounted in a shallow excavation with the at least one bollard extending above grade; and
> wherein the at least one first structural member or the at least one structural member or both are configured or tied together to retain within the base supporting media introduced into the base when the base is mounted in the excavation such that the rotation is resisted of a bollard or bollards and the base from an impact against the bollard or bollards.

22. The MFM shallow mount bollards meet all of the limitations of claim 1 of the '865 patent because, for example:

23. Upon information and belief, MFM's shallow mount bollards have a base with opposed ends, one at the protected side and the other at the impact side, as shown in the following drawing:



VEHICLE IMPACT DIRECTION

24. MFM's shallow mount bollards have "a plurality of structural members which intersect and are tied together." As can be seen in the photograph above, upon information and belief, there are numerous structural members that intersect and are connected to one another, including but not limited to the structural members that make up the sides and the ends of the base structure above, the side support members that form a U-shape around the bollard, and the rebar connectors.

25. For each shallow mount bollard of the MFM bollard structure, at least one first structural member extends from a first of the opposed ends of the base to a second of the opposed ends of the base in a first direction intersecting with the opposed ends and at least one structural members extending to intersect with the at least one first structural member because, upon information and belief, as can be seen in the above drawings, the various structural members intersect and run in different directions between the opposed ends.

26. Upon information and belief, each MFM shallow mount bollard is secured

to at least one of the first structural members as well as the base. The bollards then extend upwardly from the base so as to transmit forces applied to the at least one bollard to the base.

27. The MFM shallow mount bollards are configured to be mounted in a shallow excavation with at least one bollard extending above grade. Upon information and belief, the shallow mount bollards are advertised as having a 12 inch deep concrete foundation. (http://www.barrier1.us/products/bollards/).

>  ASTM M30 (K4)
>  Shallow Mount
>  Model SMB-400
>
>  - Stops 15,000 lb Vehicle at 30 MPH
>  - Less than 1 meter of vehicle penetration (P1)
>  - 12" Deep Concrete Foundation
>  - Modular Prefabricated Bollard Components
>  - No Field Welding or Bolting Required
>  - Bollard Spacing up to 54" on Center
>  - Bollard Array Easily Follows Turns & Grade Changes
>  - Removable Bollard Model Available
>  - Variety of Bollard Covers, Solar Lights, and Finishes

28. In the specification drawings (as seen above) the bollards are described as "SHALLOW FOUNDATION BOLLARD."

29. Upon information and belief, the MFM shallow mount bollards have structural members that form the sides and ends of the base, side supports, and rebar members, which are configured or tied together and allow the bollard to be supported by media and resist rotation.

30. The MFM shallow mount bollards also infringe dependent claim 2 of the '865 patent, which recites "[t]he bollard structure of claim 1, wherein at least one of the opposed ends

is formed by a structural member to which an end of the at least one first structural member is secured." On information and belief, the structural members are secured to one another where they intersect (as seen in the picture in the picture in paragraph 23), or the equivalent thereof.

31. The MFM shallow mount bollards infringe dependent claim 3 of the '865 patent, which recites "[t]he bollard structure of claim 1, wherein the intersecting structural members have axes that extend parallel to a plane of the base." On information and belief, the structural members appear to run parallel to the plane of the base and are equidistant from the base at all points along their length, or the equivalent thereof.

32. The MFM shallow mount bollards also infringe dependent claim 4 of the '865 patent, which recites "[t]he bollard structure of claim 1, wherein the base has a height of 3 inches to 14 inches." Upon information and belief, the specification drawing reproduced in paragraph 17 contains measurements of parts of the bollard structure, indicating that the base is between 3 and 14 inches, or the equivalent thereof.

33. The MFM shallow mount bollards also infringe dependent claim 5 of the '865 patent, which recites "[t]he bollard structure of claim 1, wherein the plurality of structural members comprise one or more tubular member." Upon information and belief, at least some of the structural members depicted above appear to be tubular, or the equivalent thereof.

34. The MFM shallow mount bollards also infringe dependent claim 7 of the '865 patent, which recites "[t]he bollard structure of claim 5, wherein at least one tubular member comprises a tube" because, upon information and belief, the structural members in the image above are long and appear to be hollow, or the equivalent thereof.

35. The MFM shallow mount bollards also infringe dependent claim 8 of the '865

patent, which recites "[t]he bollard structure of claim 5, wherein at least one tubular member comprises an comprises an angle." Upon information and belief, at least the tubular members that make up the sides of the base appear to be made of two perpendicular pieces, or the equivalent thereof.

36.     The MFM shallow mount bollards also infringe dependent claim 9 of the '865 patent, which recites "[t]he bollard structure of claim 5, wherein at least one tubular member comprises a channel," because, on information or belief, the tubular members appears to be shaped like a channel, or the equivalent thereof.

37.     The MFM shallow mount bollards also infringe dependent claim 10 of the '865 patent, which recites "[t]he bollard structure of claim 1, wherein the plurality of structural members comprises at least one tube" because, on information or belief, at least one of the structural members appears to be a tube, or the equivalent thereof.

38.     The MFM shallow mount bollards also infringe dependent claim 12 of the '865 patent, which recites "[t]he bollard structure of claim 1, wherein the plurality of structural members comprises at least one angle" because, upon information and belief, at least one structural member appears to be made of two perpendicular pieces, or the equivalent thereof.

39.     The MFM shallow mount bollards also infringe dependent claim 13 of the '865 patent, which recites "[t]he bollard structure of claim 1, wherein the plurality of structural members comprises at least one channel" because, upon information and belief, at least one structural member appears to be shaped like a channel, or the equivalent thereof.

40.     The MFM shallow mount bollards also infringe dependent claim 14 of the '865 patent, which recites "[t]he bollard structure of claim 1, wherein the plurality of structural

members comprises at least one plate" because, upon information and belief, at least one structural member appears to be a flat structure shaped like a plate, or the equivalent thereof.

41. The MFM shallow mount bollards also infringe dependent claim 15 of the '865 patent, which recites "[t] bollard structure of claim 1, wherein the plurality of structural members comprise structural steel members" because, upon information and belief, the structural members appear to be made of steel, or the equivalent thereof.

42. The MFM shallow mount bollards also infringe independent claim 16 of the '865 patent, which states:

> 16. A bollard structure comprising:
> a plurality of bollards; and
> a base comprising opposed ends and a plurality of structural members which intersect and are tied together, for each bollard of the bollard structure at least one first structural member extending from a first of the opposed ends of the base to a second of the opposed ends of the base in a first direction intersecting with the opposed ends, and at least one structural member extending to intersect with the at least one first structural member;
> each of the plurality of bollards being secured to at least one of the at least one first structural member and the at least one structural member of the base for the respective bollard and extending upwardly from the base so as to transmit forces applied to the at least one bollard to the base;
> wherein the base is configured to be mounted in a shallow excavation with the plurality of bollards extending above grade of the excavation; and
> wherein the at least one first structural member or the at least one structural member or both are configured or tied together to retain within the base supporting media introduced into the base when the base is mounted in the excavation such that the rotation is resisted of a bollard or bollards and the base from an impact against the bollard or bollards.

43. Upon information and belief, the photograph of the shallow mount bollard in paragraph 17 illustrates a bollard structure comprising more than bollard, or the equivalent thereof. The MFM shallow mount bollards infringe independent claim 16 for this reason along with those reasons set forth in paragraphs 23-29 above.

44. The MFM shallow mount bollards infringe dependent claims 17, 19-21, 23-26, 28-31 for the same reasons set forth in paragraphs 30-41.

45. The MFM shallow mount bollards infringe dependent claim 18, which

recites "[t]he bollard structure of claim 16, wherein the bollard structure is configured to resist impact from a direction of expected impact and the first direction is parallel to the direction of expected impact, and wherein each of the plurality of bollards is secured to at least one structural member that extends in the first direction."  Upon information and belief, the specification of Barrier 1's (MFM's shallow mount bollard) product, reproduced in paragraph 23, shows that the bollard is configured to resist impact from a vehicle and that the first direction is parallel to the direction of expected impact, and that each bollard is secured to at least one structural member extending in such first direction, or the equivalent thereof.

46.     The MFM shallow mount bollards infringe dependent claim 32, which recites "[t]he bollard structure of claim 16, comprising a rebar grillage comprising intersecting and tied together rebar members extending coextensively with at least a portion of the base that includes a structural member to which a bollard is secured."  Upon information and belief, the photograph of the Barrier 1 (MFM's shallow mount bollard) product in paragraph 17 shows that the bollard structure is comprised of a rebar grillage made up of many rebar members that intersect and are tied together and extends with the part of the base that includes the member to which the bollard is secured, or the equivalent thereof.

47.     The MFM shallow mount bollards also infringe independent claim 33 of the '865 patent, which states:

> 33. A bollard structure comprising:
> a plurality of bollards; and
> a base comprising opposed ends and a plurality of members which intersect and are tied together, for each bollard of the bollard structure at least one first structural member extending from a first of the opposed ends of the base to a second of the opposed ends of the base in a first direction intersecting with the opposed ends, and at least one structural member extending to intersect with the at least one first structural member;
> each of the plurality of bollards being secured to at least one of the at least one first structural member and the at least one structural member of the base for the respective bollard and extending upwardly from the base so as to transmit forces applied to the at least one bollard to the base;
> at least one of the plurality of members that extend parallel to the ends of the base extending between a structural member to which a first bollard is secured and a structural member to which a second bollard adjacent to the first bollard is secured;
> wherein the base is configured to be mounted in a shallow excavation with the plurality of bollards extending above grade of the excavation; and
> wherein the at least one first structural member or the at least one structural member or both are configured or tied together to retain within the base supporting media introduced into the base when the base is mounted in the excavation such that the rotation is resisted of a bollard or bollards and the base from an impact against the bollard or bollards.

48.     Upon information and belief, the MFM shallow mount bollards (seen in photograph in paragraph 17) contain rebar members that extend parallel to the ends of the base and connect the structural members to which a first bollard is secured and a structural member to which a second adjacent bollard is secured, or the equivalent thereof. The MFM shallow mount

bollards infringe independent claim 33 for this reason along with those reasons set forth in paragraphs 23-29 and 43 above.

49. The MFM shallow mount bollards infringe dependent claim 34 of the '865 patent, which recites "[t]he bollard structure according to claim 33, wherein the at least one of the plurality of members that extend between a structural member to which a first bollard is secured and a structural member to which a second bollard adjacent to the first bollard is secured comprises a structural member" because, upon information and belief, the plurality of members connecting the bollards appears to be structural members, or an equivalent thereof.

50. The MFM shallow mount bollards infringe dependent claim 35 of the '865 patent, which recites "[t] bollard structure according to claim 33, wherein the at least one of the plurality of members that extend between a structural member to which a first bollard is secured and a structural member to which a second bollard adjacent to the first bollard is secured comprises a rebar member" because, upon information and belief, the plurality of members connecting the bollards appears to be rebar, or an equivalent thereof.

51. MFM selected, purchased, distributed, and is scheduled to install the above described shallow mount bollards in, at least, St. Patrick's Cathedral.

**Indirect Infringement of the '865 Patent**

52. MFM had knowledge of the '865 patent as it was provided directly by RSA on more than one occasion, including during the bidding process for jobs in which both RSA Technologies and Barrier 1 submitted bids, including the bid to provide shallow mount bollards for St. Patrick's Cathedral. RSA also provided notice of infringement of the Asserted Patent to MFM in a letter dated September 25, 2018.

53. MFM induces infringement of the '865 patent by, at least, managing the construction of projects in which Barrier 1 made bollards are selected, purchased, and installed by MFM, and directing the use of infringing shallow mount bollards by, at least, the City of New York.

## COUNT I: DIRECT INFRINGEMENT OF THE '865 PATENT

54. Plaintiff restates and realleges the foregoing allegations as if fully stated herein.

55. MFM has been and are directly infringing, both literally and/or under the doctrine of equivalents, the claims of the '865 patent in violation of 35 U.S.C. § 271(a), by making, using, importing, selling, and/or offering for sale in or into the United States shallow mount bollards.

56. Defendant has never been licensed, either expressly or impliedly, under the '865 patent.

57. The '865 patent is valid and enforceable.

58. Plaintiff has complied with the requirements of 35 U.S.C. § 287 by providing actual or constructive notice to Defendant of its alleged infringement.

59. Plaintiff has been, and continues to be, damaged and irreparably harmed by Defendant's infringement, which will continue unless this Court enjoins this infringement.

60. Plaintiff, under 35 U.S.C. § 284, may recover damages adequate to compensate for Defendant's infringement in an amount not presently known.

61. Defendant's infringement of the '865 patent has been, and continues to be, deliberate, willful, and knowing.

62. The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling Plaintiff to recover treble damages and attorney's fees.

## COUNT II: INDUCED INFRINGEMENT OF THE '865 PATENT

63. Plaintiff restates and realleges the foregoing allegations as if fully stated herein.

64. MFM has been and is inducing infringement of the claims of the '856 patent in violation of 35 U.S.C. § 271(a).

65. Upon information and belief, MFM had knowledge of the '856 patent on or before awarding bids to infringing shallow mount bollard manufacturers and purchasing, distributing, and installing the infringing shallow mount bollards.

66. Upon information and belief, since receiving notice of the '856 patent, MFM has induced and continues to induce others to infringe the '856 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent, actively and knowingly aiding and abetting others to infringe the '856 patent.

67. On information and belief, MFM engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because MFM had actual knowledge of the '856 patent and their acts induce users of bollards to infringe by, at least, selecting, procuring, and installing infringing bollards.

68. Plaintiff has been, and continues to be, damaged and irreparably harmed by Defendant's infringement, which will continue unless this Court enjoins this infringement.

69. Plaintiff, under 35 U.S.C. § 284, may recover damages adequate to compensate for Defendant's infringement in an amount not presently known.

70. Defendant's infringement of the '856 patent has been, and continues to be, deliberate, and knowing.

71. The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling Plaintiff to recover treble damages and attorney's fees.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Plaintiff prays for judgment in its favor and against Defendant as follows:

a) That MFM has infringed one or more claims of the '856 patent;

b) That MFM has induced infringement of one or more claims of the '856 patent;

c) That Defendant's infringement is willful, and that this case be deemed exceptional under 35 U.S.C. § 285, that Plaintiff's damages be trebled, and that Plaintiff be awarded attorney's fees and costs;

d) That Plaintiff be awarded damages adequate to compensate for Defendant's infringement of the '856 patent, including, e.g., lost profits, but in no event less than a reasonable royalty;

e) That Plaintiff be awarded pre-judgment and post-judgment interest;

f) That this court enjoin MFM, their officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, and all that are in active concert or participation with them, or any of them, from further infringement of the '865 patent;

g) That costs and expenses in this action be awarded to Plaintiff; and

h) For such further and other relief as the Court may deem appropriate.

Dated:  October 22, 2018                              /s/ Joseph V. Saphia

Joseph V. Saphia [js3680]
JSaphia@haugpartners.com
Jessica H. Zafonte [jz7813]
JZafonte@haugpartners.com
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, New York 10151
Telephone: (212) 588-0800
Facsimile: (212) 588-0500

*Attorneys for Plaintiff*
*RSA Protective Technologies, LLC*